**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW ANDERSEN, | No. 17-16610 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00236-DAD-SAB |
| v. | |
| MARISELA MONTES, Commissioner of California Board of Parole Hearings; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

California state prisoner Andrew Andersen appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action stemming from his parole

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

443, 447 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

The district court properly dismissed Andersen's as applied challenge to the parole procedures because Andersen failed to allege facts sufficient to show that the parole proceeding denied him due process. *See Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011) (due process claim in parole context requires only that prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied).

However, Andersen also alleged that he was seeking to bring a facial challenge to the parole procedures. Dismissal of Andersen's complaint without leave to amend was premature because it is not absolutely clear that the deficiencies could not be cured by amendment. *See Wilkinson v. Dotson*, 544 U.S. 74, 76, 82 (2005) (outlining limited circumstances under which prisoners may challenge state parole procedures under § 1983); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review). We vacate the judgment in part and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued

17-16610

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**