NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW ANDERSEN, | No. 19-15969 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00236-DAD-SAB |
| v. | |
| MARISELA MONTES, Commissioner of California Board of Parole Hearings; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 6, 2020**

Before:      BERZON, N.R. SMITH, and MILLER, Circuit Judges.

California state prisoner Andrew Andersen appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First

Amendment claim challenging the Board of Parole Hearings ("BPH") regulatory

scheme for early parole determinations for prisoners with life sentences.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Andersen's First Amendment facial challenge to the BPH regulations because Andersen failed to allege facts sufficient to show that the BPH regulations, Cal. Code. Regs. tit. 15, § 2281, were overly broad and therefore invalid on their face. *See United States v. Stevens*, 559 U.S. 460, 472 (2010) (explaining that to succeed on a facial attack under the First Amendment, a plaintiff must establish that "a substantial number of [the statute's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep" (citation and internal citations omitted)); *City of Houston v. Hill*, 482 U.S. 451, 458 (1987) ("Only a statute that is substantially overbroad may be invalidated on its face.").

To the extent that Andersen challenges the district court's dismissal of his "as-applied" challenge to the BPH regulations, Anderson's as-applied challenge was the subject of a prior appeal, *see Andersen v. Montes*, Case No. 17-16610. In 17-16610, this court concluded that the district court properly dismissed the claim. *Andersen v. Montes*, 708 Fed.Appx. 429 (9th Cir. 2017).

The district court did not abuse its discretion by denying Andersen further leave to amend because amendment would have been futile. *See Cervantes v.*

2                                                                                          19-15969

*Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has already granted leave to amend).

We do not consider arguments and allegations raised for the first time on appeal, or arguments not specifically or distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**